## RENDA v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 24, 1933

D. F. Rendinell, Youngstown, for plaintiff in error.

J. H. Leighninger, Youngstown, for defendant in error.

POLLOCK, J.

It appears that certain members and deputies of the sheriff's office, after receiving the search warrant, went to the house in which this party was residing. As officers approached the door they noticed that it was open. The screen on the door was fastened. They went up to the door, looked into the room and saw what appeared to be a bar. They made their presence known. The screen door was unfastened and they entered the room. The officers found on entering this room that there was a bar, a round table, and four persons sitting at the round table drinking intoxicating liquors. They went behind the bar and found certain bottles of liquor. They also went to the cellar of the house, which was right under this room, and found a barrel or keg with some beer in it. This was connected by a pipe up through the floor back of the bar which had a pump attached to it, used for pumping the beer from this barrel up into the room. They possibly went through the balance of the house but the intoxicating liquor in this room and the beer that was referred to in the cellar was all the intoxicating liquor the officers found. The case was tried until plaintiff rested, developing the facts which we have substantially stated. Then there was a motion made at the close of the State's evidence that the liquors found in this room be withdrawn from the evidence and returned to the accused, for the reason that the affidavit filed for the search warrant was not sufficient under the provisions of the present sections, §13430-3 GC. This motion being overruled, the defendant, the accused, rested his case. He was found guilty. The error complained of is that the affidavit under this recent statute authorizing a search warrant, or requiring an affidavit to secure a search warrant was not sufficient.

We do not think that the question is in this case. So far as the record is concerned the officers had the search warrant along but they did not enter this room by reason of the search warrant. The officers made their presence known outside and the screen door was opened and they walked in, but in addition to that it is well settled, that in order to entitle the party to the return of the property unlawfully seized, or rather seized under an unlawful search warrant, motion must be made to return

the property and prevent it from being used in evidence before the beginning of the trial. There was no motion made until the close of the State's evidence or at least until these exhibits were being offered in evidence. We need not place judgment on that technicality. While this party lived in this house, yet his room was equipped and was actually in use at the very time as a bar for the sale of intoxicating liquors, so that the officers got this liquor and beer in this room and the cellar connected the way we have stated, was not a bona fide residence. It was a public bar, and even if this motion had been made before the introduction of evidence and the party had a warrant, which does not appear, accused just let them into a bar room used for the sale of liquors.

The judgment in this case is affiremd.

FARR and ROBERTS, JJ, concur.